**Edgar Giovanni Lopez PEREZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–75061.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Jan. 11, 2006.

Edgar Giovanni Lopez Perez, Reseda, CA, pro se.

Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Edgar Giovanni Lopez Perez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the immigration judge's ("IJ") decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

Lopez Perez contends that he has a well-founded fear of persecution if he re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

turns to Guatemala because he will be conscripted into the army. Among other things, the IJ properly relied upon a State Department report which states that Guatemala no longer conscripts its citizens. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (holding that when "a petitioner has *not* established past persecution ... the IJ and the BIA are entitled to rely on ... a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution" (italics in original)); *see also Chebchoub*, 257 F.3d at 1044 (approving "the use of a country report to discredit a general assertion made by an applicant.").

▮ Lopez Perez also contends that the government violated his due process rights by not adjudicating his asylum application for eight years and then relying, in part, on changed country conditions as a basis for denial. We lack jurisdiction to consider this contention because petitioner failed to raise it before the BIA, *see Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994) (requiring exhaustion of alleged procedural errors that the BIA could have corrected), and because 8 U.S.C. § 1252(g) removes our jurisdiction to review decisions about whether and when to commence immigration proceedings, *see Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 598–99 (9th Cir. 2002).

We also lack jurisdiction to consider Lopez Perez's contentions regarding his eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act because he failed to exhaust these contentions before the BIA. *See Ramos v. INS*, 246 F.3d 1264, 1267 (9th Cir.2001).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The voluntary departure period was stayed and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**